IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COLIN LACRUE and JONATHON TRAHAN, Individually and on behalf of all others similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> VEXUS FIBER, LLC, <br><br> Defendant. | Case No. 2:25-cv-04175-MDH |

## ORDER

Before the Court is Defendant Vexus Fiber, LLC's ("Vexus") Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, Transfer this Action to the Northern District of Texas. (Doc. 11). Defendant filed Suggestions in Support (Doc. 12), Plaintiffs filed Suggestions in Opposition (Doc. 19) and Defendant has filed a reply. (Doc. 22). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiffs' Complaint or, in the Alterative, Transfer this Action to the Northern District of Texas is **DENIED**.

## BACKGROUND

This class action arises from an alleged misrepresentation of the monthly price of broadband services stemming from a Network Access Fee ("NAF") that Plaintiffs claim was not advertised or noted by Defendant. Plaintiff Colin LaCrue is a citizen of Texas and a resident of Amarillo, Texas. Plaintiff Jonathon Trahan is a citizen of Louisiana and resident of Lake Charles, Louisiana. Defendant Vexus is an Internet Service Provider ("ISP") operating in Texas, Louisiana and New Mexico. Defendant Vexus is a Delaware limited liability company who is wholly owned

1

by Q-Comm Python Corporation. Q-Comm Python Corporation is a Delaware corporation with its principal place of business located in Overland Park, Kansas.

Plaintiffs allege that Defendant advertises low-prices for its internet service to consumers through various marketing channels. Plaintiffs allege that in addition to the price represented in its advertisements, Defendant charges consumers a flat, monthly fee that Defendant characterizes as a NAF. Plaintiffs allege that at no time does Defendant adequately advise consumers in its marketing materials prior to signing up with Defendant that their internet service include the mandatory monthly NAF. Plaintiffs state that Defendant's failure to adequately disclose the NAF to its customers in its advertisements unfairly obscures the true cost ot its internet service, deceives consumers, and gains an unfair upper hand on competitors that fairly disclose their true internet service costs.

Plaintiffs bring this action with the following claims: (1) Violation of the Texas Deceptive Tarde Practices Act on behalf of Plaintiff LaCrue and the Texas Subclass; (2) Violation of the Louisiana Unfair Trade Practice and Consumer Protection Act on behalf of Plaintiff Trahan and the Louisiana Subclass; (3) Violation of the Missouri Merchandising Practices Act ("MMPA") on behalf of all Plaintiffs and the class members; and (4) Unjust Enrichment on behalf of Plaintiffs and the class. Defendant now asks the Court to dismiss Plaintiffs' Complaint, or in the alternative, transfer this action to the Northern District of Texas claiming that venue is improper in the Western District of Missouri.

**STANDARD**

Federal Rule of Civil Procedure 12(b)(3) authorizes the dismissal of a complaint for "improper venue." 28 U.S.C. § 1391 governs where venue is proper, which provides:

A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## ANALYSIS

**I.  Venue**

Defendant argues that 28 U.S.C. § 1391(b)(1) is inapplicable because Defendant does not reside in the Western District of Missouri, nor do Plaintiffs allege that Vexus has any connection to the Western District of Missouri. Defendant further argues that 28 U.S.C. § 1391(b)(2) does not apply as none of Plaintiffs' allegations suggest that a "substantial part of the events or omissions giving rise to [their] claim[s]" occurred in the Western District of Missouri. Lastly, Defendants argue that 28 U.S.C. § 1391(b)(3) is inapplicable as this action can be brought within the United States District Court for the Northern District of Texas.

3

Plaintiffs argue that Vexus's forum selection clause allows the Western District of Missouri to be a proper venue for the current action. Plaintiffs also argue that since Defendant has a registered agent within the Western District of Missouri, it has its headquarters in Sikeston, Missouri, and that the Western District of Missouri has personal jurisdiction over Defendant, venue is proper. Lastly, Plaintiffs assert that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events took place within the Western District of Missouri. The Court will take these arguments in turn.

### A. 28 U.S.C. § 1391(b)(1)

28 U.S.C. § 1391(c) governs residency for all venue purposes. Specifically, 28 U.S.C. § 1391(c)(2) states:

> An entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]

28 U.S.C. § 1391(c)(2).

The Court finds that Defendant is subject to personal jurisdiction in Missouri, and thus the Western District of Missouri is a proper venue for this current action. Here, Plaintiff has supplied Defendant's Terms and Conditions of Retail Customer Sales Agreement. (Doc. 19-1). The Terms and Conditions state "[t]he Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of Missouri, without regard to its conflicts of laws principles. *Each party consents to personal jurisdiction in the state and federal courts of the State of Missouri. Id* at page 29 (emphasis added). As the Defendant has consented to the personal jurisdiction of the State of Missouri by virtue of its Terms and Conditions of Retail Customer Sales Agreement, the Court finds that Defendant is a resident of Missouri for venue purposes pursuant to 28 U.S.C. §

1391(c)(2). For the reasons stated, Defendant's Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, Transfer this action to the Northern District of Texas is **DENIED**.

B.     **28 U.S.C. §§ 1391(b)(2) and (b)(3)**

As the Court has ruled that venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(1), the Court will decline to extend its analysis to the parties' arguments regarding 28 U.S.C. §§ 1391(b)(2) or (b)(3).

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, Transfer this action to the Northern District of Texas is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 8, 2026                              */s/ Douglas Harpool*
                                                    **DOUGLAS HARPOOL**
                                                    **UNITED STATES DISTRICT JUDGE**