IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COLIN LACRUE and JONATHON TRAHAN, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:25-cv-04175-MDH |
| VEXUS FIBER, LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Vexus Fiber, LLC's ("Vexus") Motion to Dismiss Plaintiffs' Complaint. (Doc. 9). Defendant filed Suggestions in Support (Doc. 10), Plaintiffs filed Suggestions in Opposition (Doc. 20), and Defendant has filed a reply. (Doc. 21). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss Plaintiffs' Complaint is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This class action arises from an alleged misrepresentation of the monthly price of broadband services stemming from a Network Access Fee ("NAF") that Plaintiffs claim was not advertised or noted by Defendant. Plaintiff Colin LaCrue is a citizen of Texas and a resident of Amarillo, Texas. Plaintiff Jonathon Trahan is a citizen of Louisiana and resident of Lake Charles, Louisiana. Defendant Vexus is an Internet Service Provider ("ISP") operating in Texas, Louisiana and New Mexico with its headquarters located in Sikeston, Missouri. Defendant Vexus is a Delaware limited liability company who is wholly owned by Q-Comm Python Corporation. Q-

1

Comm Python Corporation is a Delaware corporation with its principal place of business located in Overland Park, Kansas.

Plaintiffs allege that Defendant advertises low prices for its internet service to consumers through various marketing channels. Plaintiffs allege that in addition to the price represented in its advertisements, Defendant charges consumers a flat, monthly fee that Defendant characterizes as a NAF. Plaintiffs assert that at no time does Defendant adequately advise consumers in its marketing materials prior to signing up with Defendant that their internet service includes the mandatory monthly NAF. Plaintiffs state that Defendant's failure to adequately disclose the NAF to its customers in its advertisements unfairly obscures the true cost ot its internet service, deceives consumers, and gains an unfair upper hand on competitors that fairly disclose their true internet service costs.

Plaintiffs bring this action with the following claims: (1) Violation of the Texas Deceptive Trade Practices Act on behalf of Plaintiff LaCrue and the Texas Subclass; (2) Violation of the Louisiana Unfair Trade Practice and Consumer Protection Act on behalf of Plaintiff Trahan and the Louisiana Subclass; (3) Violation of the Missouri Merchandising Practices Act ("MMPA") on behalf of all Plaintiffs and the class members; and (4) Unjust Enrichment on behalf of Plaintiffs and the class. Defendant now asks the Court to dismiss Plaintiffs' Complaint arguing that Plaintiffs fail to meet the heightened pleading for their fraud-based claims. Defendant also argues that Plaintiffs' MMPA claim must be dismissed as Plaintiffs failed to allege any connection between the allegedly fraudulent conduct and Defendant's conduct in Missouri; Plaintiffs'unjust enrichment claims fail as there is an express contract between Defendant and Plaintiffs; and lastly Plaintiffs' unjust enrichment claims fail under the voluntary payment doctrine. The Court will take each argument in turn.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

**I.      F.R.C.P. 9(b) Heightened Pleading Requirement**

Defendant argues that Plaintiffs must include the time, place, contents of false representations, as well as the identity of person making the misrepresentation and what was obtained or given thereby to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. Defendant further argues that neither Plaintiff identifies the advertisements that they saw and claim to have relied upon in contravention of Federal Rule of Civil Procedure 9(b). Plaintiffs argue that their Complaint satisfies the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

Federal Rule of Civil Procedure 9(b) governs the pleading standard for claims involving fraud or mistake. It states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Courts have construed Federal Rule of Civil Procedure 9(b) to require a plaintiff to plead "such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. *Tuter v. Freud Am., Inc.*, No. 4:22-CV-00282-RK, 2022 WL 4636225, at *7 (W.D. Mo. Sept. 30, 2022) (quoting *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)). When viewed "in the context of the general principle of the Federal Rules, the purpose of which is to simplify pleadings," "[t]he particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to potentially damaging allegations. *United States ex rel. Joshi v. St. Luke's Episcopal-Presbyterian Hosps.*, No. 4:04CV489 RWS, 2005 WL 8176863, at *1 (E.D. Mo. April 13, 2005).

Allegations pleaded on information and belief do not generally meet Rule 9(b)'s particularity requirement. *See generally*, 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1298 (3d ed. 2004); 2 James Wm. Moore et al., *Moore's Federal Practice* § 9.03[1][g] (3d ed. 1997). When the facts constituting the fraud are peculiarly within the opposing party's knowledge, however, such allegations may be pleaded on information and belief. *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 668 (8th Cir. 2001). Rule 9(b) is deemed satisfied if the allegations are accompanied by a statement of facts on which the belief is founded. *Id.* (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549 (8th Cir. 1997)); *see also Moore's Federal Practice* § 9.03[1][g] (Rule 9(b) may be satisfied "if the pleader identifies the available

information on which the allegation of fraud is founded, as well as the efforts made to obtain additional information.").

Plaintiff has met the heightened pleading requirement under Federal Rule of Civil Procedure 9(b). Here, the Complaint alleges based on Plaintiff LaCrue's experience that:

> In reliance on Vexus' representations made in its advertisements and marketing materials regarding the low-price of Defendant's service, Plaintiff opened an account with Vexus and purchased the Internet Service for the price of $34.99 per month.
>
> *To the best of his recollection*, Plaintiff was exposed to Defendant's representations regarding its Internet Service via a flyer brought to his door. The flyer advertised an artificially low price for Vexus' Internet Service, which did not include the mandatory NAF.
>
> Based on Vexus' advertisements, *including the flyer*, Plaintiff selected Vexus' Service because its advertised price of $34.99 was the best price he found after comparing the services offered by similar service providers and he believed he was getting the better value by signing up for Vexus' Internet Service.

(Complaint ¶¶ 37-39) (emphasis added). The Complaint further alleges based on Plaintiff Trahan's experience that:

> In reliance on Vexus' representations made in its advertisements and marketing materials regarding the low-price of Defendant's service, Plaintiff opened an account with Vexus and purchased the Internet Service for the price of $39.99 per month.
>
> *To the best of his recollection*, Plaintiff was exposed to Defendant's representations regarding its Internet Service via a flyer brought to his door. The flyer advertised an artificially low price for Vexus' Internet Service, which did not include the mandatory NAF.
>
> Based on Vexus' advertisements, *including the flyer*, Plaintiff selected Vexus' Service because its advertised price of $39.99 was the best price he found after comparing the services offered by similar service providers and he believed he was getting the better value by signing up for Vexus' Internet Service.

(Complaint ¶¶ 45-47) (emphasis added). Plaintiffs have alleged that while the flyer alerted them to Defendant Vexus' services, the flyer was not the only advertisement Plaintiffs relied on when

making their selection. Plaintiffs' Complaint further demonstrates their allegations by highlighting other advertisements by Defendant which do not state the NAF. (See Complaint ¶¶ 21-23). Taking the allegations together in Plaintiffs' Complaint it is enough to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. For the reasons stated, Defendant's Motion to Dismiss Plaintiffs' Complaint based on a failure to adhere to Federal Rule of Civil Procedure 9(b)'s heighted pleading requirement is **DENIED**.

## II.     Missouri Merchandising Practices Act

Defendant argues that Plaintiffs do not allege that the claims in this lawsuit had any nexus to Missouri, and as a result the MMPA claim must be dismissed. Plaintiffs argue that Defendant disseminates its fraudulent communications from a Missouri headquarters and thus brings a valid claim of the MMPA against Defendant.

The MMPA provides a private right of action for "any deception, fraud, false pretense, false promise, misrepresentation, [or] unfair practice … in connection with the sale or advertisement of any merchandise in trade or commerce … in or from the state of Missouri." *Hale v. Emerson Elec. Co.*, 942 F.3d 401, 403 (8th Cir. 2019) (quoting Mo. Rev. Stat. § 407.020.1). The Eighth Circuit has found that where transactions take place outside of Missouri, the MMPA does not apply. *See Perras v. H&R Block*, 789 F.3d 914, 918 (8th Cir. 2015); *Hale v. Emreson Elec. Co.*, 942 F.3d 401, 404 (8th Cir. 2019) (per curiam).[1]

Taking the allegations in Plaintiffs' Complaint as true for the purposes of a motion to dismiss, Plaintiffs has failed to raise a right to relief above a speculative level as to their MMPA

---

[1] In Perras the Eighth Circuit held that a putative class action against H & R Block for an allegedly fraudulent "compliance fee" –designed and implemented at H & R Block's Missouri headquarters but charged to consumers through transactions that took place outside of Missouri–did not involve commerce in or from the state of Missouri. 789 F.3d at 918. Later, in Hale, the Eighth Circuit held that a class action against Emerson Electric Company ("Emerson") for allegedly deceptive advertising associated with a vacuum cleaner that did not involve commerce in or from the state of Missouri because, even though Emerson made all marketing decisions regarding the vacuums in Missouri, every part of the challenged transaction took place in a class member's home state. 942 F.3d at 404.

6

claim. Here, Plaintiffs are residents of Texas and Louisiana. Plaintiffs argue that an MMPA claim is appropriate because Defendant disseminates its fraudulent communications from a Missouri headquarters. However, Plaintiffs have only claimed that Defendant services Texas, Louisiana and New Mexico (Complaint ¶ 16). Taking the allegation that Defendant sends its communications from its Missouri headquarters as true, it fails to show a nexus to Missouri that would permit this claim to go forward just like those in *Perras* or *Hale*. Plaintiffs have not demonstrated how the facts they allege demonstrate a nexus to Missouri as all the transactions in Plaintiffs' Complaint take place in Texas or Louisiana. For the reasons stated, Defendant's Motion to Dismiss Count III – Violation of the Missouri Merchandising Practices Act based on a failure to state a claim is **GRANTED**.

### III. Unjust Enrichment Claims

#### A. Missouri's Choice of Law Rule

District courts sitting in diversity apply the choice-of-law rules of the state where they sit. *Whirlpool Corp v. Ritter*, 929 F.2d 1318, 1320 (8th Cir. 1991) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Under Missouri's choice-of-law rules, courts apply the substantive law of the state with the "most significant relationship" to the occurrence and the parties. *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 621 (8th Cir. 2004), citing *Thompson v. Crawford*, 833 S.W.3d 868, 870 (Mo. Banc 1992). Missouri, adopting the Restatement (Second) of Conflict of Laws, requires consideration of four factors in determining the applicable law for tort actions: "the place where the injury occurred," "the place where the conduct causing the injury occurred," "the domicile, residence, nationality, place of incorporation and place of business of the parties," and "the place where the relationship, if any, between the parties is centered." *Fuqua Homes*, 388 F.3d at 621, citing Restatement (Second) of Conflict of

7

Case 2:25-cv-04175-MDH    Document 24    Filed 02/03/26    Page 7 of 12

Laws § 145 (1971). Missouri's formulation "essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred." *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994).

When applying the four factor test, Plaintiff LaCrue's alleged injury was suffered in Amarillo, Texas; the terms and agreement with Defendant was effectuated in Amarillo, Texas; Plaintiff is domiciled and a resident of Texas, while Defendant is headquartered in Missouri; and the relationship between the parties is centered around the internet service provided to Plaintiff LaCrue's home in Amarillo, Texas. As to Plaintiff Trahan, his alleged injury was suffered in Lake Charles, Louisiana; the terms and agreement with Defendant was effectuated in Lake Charles, Louisiana; Plaintiff Trahan is domiciled in and a resident of Louisiana, while Defendant is headquartered in Missouri; and the relationship between the parties is centered around the internet service provided to Plaintiff Trahan's home in Lake Charles, Louisiana. Given this analysis, the Court will apply the substantive law of Texas to Count IV – Unjust Enrichment as to Plaintiff LaCrue and the substantive law of Louisiana as to Count IV – Unjust Enrichment as to Plaintiff Trahan.

Defendant argues that Plaintiffs fail to state a claim under Texas or Louisiana law because there is a contract between Plaintiffs and Defendant, which bars a claim for unjust enrichment. Plaintiffs argue that their claims concern Defendant's deceptive NAF, which was not disclosed to them when they contracted for internet services and thus their unjust enrichment claim is not governed by any contract. The Court will take these arguments in turn according to the respective substantive state law.

    **B.**    **Texas Law**

"Unjust enrichment claims are based in quasi-contract." *Raven Res., LLC v. Legacy Rsrvs. Operating, LP*, 363 S.W.3d 865, 871 (Tex. App.—Eastland 2012, pet. denied). "A contract implied in law, or a quasi-contract, is distinguishable from a true contract because a quasi-contract is a legal fiction, an obligation imposed by law regardless of any actual agreement between the parties." *Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 739 (Tex. App.—Texarkana 2017, pet. denied). "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (citation omitted). "To recover under the theory of unjust enrichment, the claimant must establish that the other party has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Fitzgerald v. Water Rock Outdoors, LLC*, 536 S.W.3d 112, 118 (Tex. App.—Amarillo 2017, pet. denied) (citing *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

The Court finds that there exists a contract between Plaintiff LaCrue and Defendant that bar Plaintiffs' claim for unjust enrichment under Texas law. While Plaintiffs assert that their claims concern the NAF which was not disclosed to them when they contracted for internet services, a review of the confirmation of services shows otherwise. Defendant has provided the confirmation receipt for services placed by Plaintiff LaCrue. (Docs 10-3 and 10-4). It shows the NAF as well as the technician appointment date and other services billed. *Id*. Additionally the receipt shows a Terms and Conditions clause which states "I have read and agree to the terms and conditions and acceptable use policy found online at https://www.vexusfiber.com/about-vexus/terms-conditons/". (Doc. 10-3). This is sufficient to show an existing contract between Plaintiff LaCrue and Defendant that would bar an unjust enrichment claim from proceeding. For the reasons stated, Defendant's Motion to Dismiss Count IV – Unjust Enrichment pursuant to Texas law is **GRANTED**.

### C. Louisiana Law

One of the prerequisites to establish a cause of action for unjust enrichment is "an absence of justification or cause for the enrichment or impoverishment." *H & O Invs., LLC v. Par. Of Jefferson Through Sheng*, 2025-00086 (La. 5/20/25), 408 So. 3d 958, 960 (quoting *Minyard v. Curtis Products, Inc.*, 251 La. 624, 652, 205 So. 2d 422, 432 (1967)). If a contract exists between the parties, the contract is the law between them and serves as a legal cause or justification for the enrichment. *Edwards v. Conforto*, 636 So. 2d 901, 907 (La. 1993) (on rehearing); *Edmonston v. A-Second Mortgage Co. of Slidell*, 289 So. 2d 116, 122 (La. 1974).

At this stage of the litigation, Plaintiffs' have raised a right to relief above a speculative level as to their unjust enrichment claim pursuant to Louisiana law. While Defendant has supplied Plaintiff Trahan's Account Statement as of October 26, 2024, it fails to show an express contract denoting the NAF. (Doc. 10-6). The statement includes the service charges billed to Plaintiff Trahan, including the NAF, but fails to show whether the original contract included the NAF or Plaintiff Trahan's agreement to the NAF.[2] Although Defendant argues that the process Plaintiff Trahan used to sign up for Defendant's service would be similar to Plaintiff LaCrue, absent the contract or acknowledgement of the NAF at the time of signing up, the Court must take all allegations in the Complaint in the light most favorable to the Plaintiffs. For the reasons stated, Defendant's Motion to Dismiss Count IV – Unjust Enrichment pursuant to Louisiana law is **DENIED**.

### IV. Voluntary Payment Doctrine

---

[2] In the Complaint, Plaintiffs assert that Plaintiff Trahan signed up for the Vexus' internet service in or around January 2025. However, Defendant's record shows Plaintiff Trahan signed up in or around September of 2024. (Doc. 10, page 9).

As the Court has already dismissed Plaintiffs' claim of unjust enrichment under Texas law, the Court will focus its analysis on the remaining unjust enrichment claim under Louisiana law. Defendant argues that Plaintiffs' claims are barred by the voluntary payment doctrine.

The Louisiana Supreme Court first described the common law voluntary payment doctrine in *New Orleans & N. E. R. Co. v. La. Const. & Imp. Co.*, as "an established rule of law that if a party, with a full knowledge of the facts, voluntarily pays a demand unjustly made on him and attempted to be enforced by legal proceedings, he cannot recover back the money." 109 La. 13, 33 So. 51, 55 (1902). However, the voluntary payment doctrine was found to be contrary to the express mandate of Louisiana Civil Code article 2299 ("La. C.C. art. 2299"), which the Louisiana Legislature adopted after *New Orleans & N. E. R. v. La. Const. & Imp. Co.*, 109 La. 13, 33 So. 51, 55 (1902). La. C.C. art. 2299 provides "[a] person who received a payment or a thing not owned to him is bound to restore it to the person from whom he received it." The Louisiana Supreme Court stated that there is no knowledge expectation to La. C.C. art. 2299's directive that a person receiving a payment or delivery of a thing not owed must return it and found that jurisprudence superseded by legislation does not support diverging from the Civil Code's plain language. *Leisure Recreation & Ent., Inc. v. First Guar. Bank*, 2021-00838 (La. 3/25/22), 339 So. 3d 508, 518. The Court finds that the voluntary payment doctrine does not apply pursuant to Louisiana law. For the reasons stated, Defendant's Motion to Dismiss Count IV – Unjust Enrichment by virtue of the voluntary payment doctrine under Louisiana law is **DENIED**.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiffs' Complaint is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion to Dismiss Plaintiffs' Complaint based on a failure to adhere to Federal Rule of Civil Procedure 9(b)'s heighted pleading

requirement is **DENIED**. Defendant's Motion to Dismiss Count III – Violation of the Missouri Merchandising Practices Act based on a failure to state a claim is **GRANTED**. Defendant's Motion to Dismiss Plaintiff's Count IV – Unjust Enrichment under Texas law is **GRANTED**. Defendant's Motion to Dismiss Count IV – Unjust Enrichment under Louisiana law by express contract is **DENIED**. Defendant's Motion to Dismiss Count IV – Unjust Enrichment under Louisiana law based upon the voluntary payment doctrine is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 3, 2026

>  */s/ Douglas Harpool*
> **DOUGLAS HARPOOL**
> **UNITED STATES DISTRICT JUDGE**